**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gulmohamed Abdulkader SERANG,**
**Defendant—Appellant.**

**No. 02–35672.**

**D.C. No. CV–99–06290–HO,**
**CR–94–60093–HO.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2003.

Decided July 30, 2003.

Before GOODWIN, HUG, and BERZON, Circuit Judges.

## MEMORANDUM *

Gulmohamed Abdulkader Serang appeals the district court's denial of his habeas claim of ineffective assistance of counsel. He argues that his defense counsel failed to investigate exculpatory evidence and that this failure prejudiced the outcome of his jury trial. We affirm.

To establish ineffective assistance of counsel, Serang must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness under

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

prevailing professional norms, and (2) counsel's unreasonable errors resulted in prejudice. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha,* 299 F.3d 796, 805 (9th Cir.2002).

Serang fails to demonstrate "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Murtishaw v. Woodford,* 255 F.3d 926, 940 (9th Cir.2001) (citation and quotation marks omitted). The significance of the allegedly exculpatory evidence to the verdict is purely speculative.

AFFIRMED.